UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff* | § § § |
| **v.** | § § No. 1:23-CV-00043-DAE § |
| **DARCY D QUAM, ERIC HOPPE, THISTLE CREEK FARMS,** *Defendants* | § § § § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
      UNITED STATES SENIOR DISTRICT JUDGE

Before the Court is Defendant Eric Hoppe's plea for jurisdiction, Dkt. 26; and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Court deny the motions.

## I.   BACKGROUND

The United States of America initiated this lawsuit to enforce federal tax liens against Defendants Darcy D. Quam, Eric Hoppe, Thistle Creek Farms, and Dessie Maria Andrews.[1] Dkt. 1, at 2. Hoppe was named as a defendant in this lawsuit pursuant to 26 U.S.C. § 7403(b) as a party who may claim an interest in the subject property because he is married to Quam and lives at the subject property. *Id.* The government alleges that Quam has failed to pay her federal income taxes since 2006 despite being required to do so. *Id.* at 6. Through this lawsuit, the government

---

[1] Andrews was dismissed from this lawsuit by consent of the parties. Dkt. 22.

1

requests a judgment against Quam for $1,038,544.02 in income tax liabilities plus statutory additions and interest. *Id.* at 6-9. The government further seeks to enforce a federal tax lien against the subject property, which includes two parcels of land in Fredericksburg, Texas that Quam and Hoppe purported to transfer to Thistle Creek Farm and Andrews. *Id.* at 5-6, 7-9.

Hoppe filed a plea to the jurisdiction, which the undersigned construes as a motion to dismiss, asserting that this forum is the improper venue and challenging this Court's subject-matter jurisdiction to hear this case. Dkt. 26. The government filed a response to Hoppe's motion to dismiss, Dkt. 27, and Hoppe filed multiple replies. Dkts. 28, 30.

## II.     DISCUSSION

Hoppe moves to dismiss this lawsuit based on lack of subject matter jurisdiction and improper venue. Dkt. 26. Hoppe insists that this Court lacks subject-matter jurisdiction over this lawsuit because the statutes the government seeks to enforce, 26 U.S.C. §§ 6321 and 6322, do not explicitly state that they shall be enforced through the federal courts. *Id.* at 2-7. Yet as the government points out, this Court has subject-matter jurisdiction over this lawsuit because it arises under federal tax law, and the United States is the plaintiff. Dkt. 27, at 2; 26 U.S.C. §§ 7402(a), 7403(c); 28 U.S.C. §§ 1331, 1340, 1345. Because "28 U.S.C. § 1340 explicitly grants district courts jurisdiction in internal revenue cases and 28 U.S.C. § 1345 explicitly grants jurisdiction for civil suits commenced by the United States," this Court has subject-

2

matter jurisdiction to hear this lawsuit. *United States v. Trowbridge*, 591 F. App'x 298, 299 (5th Cir. 2015).

Hoppe next challenges whether this Court is the proper venue for this lawsuit, apparently based on a misunderstanding of the reference to "judicial district" in 28 U.S.C. § 1391(b). Dkt. 27, at 2. Hoppe argues that because he and Quam do not live in the District of Columbia, "[c]learly this is an improper venue." *Id.* Once again, however, the government points out that Hoppe and Quam live in this judicial district (the Western District of Texas), the federal tax liabilities it seeks to enforce arose in this district, and the real property at issue is situated in this district. *See* Dkt. 1; U.S.C. § 1391(b) (stating that "[a] civil action may be brought in … a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"). Hoppe does not dispute that he resides in this judicial district or that the property at issue is located here. *See* Dkts. 27, 28, 30. Venue is proper in this judicial district.

### III.  RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant Eric Hoppe's plea for jurisdiction, Dkt. 26.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 27, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE