IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-43-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DARCY D QUAM, ERIC HOPPE, THISTLE CREEK FARMS, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE; AND (2) DENYING ERIC HOPPE'S MOTION

Before the Court is a Report and Recommendation (the "Report") (Dkt. # 31) submitted by United States Magistrate Judge Dustin Howell. The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Howell's recommendation, and **DENIES** Pro Se Defendant Eric Hoppe's Plea to the Jurisdiction which the Court construes as a motion to dismiss (Dkt. # 26).

BACKGROUND

The Court will recite the background facts of this matter as stated by Judge Howell in his Report.[1] On January 13, 2023, the United States of America

---

[1] To the extent any objections are made to Judge Howell's recitation of the facts, the Court will note it in Hoppe's objections discussed below.

initiated this lawsuit to enforce federal tax liens against Defendants Darcy D. Quam, Eric Hoppe, Thistle Creek Farms, and Dessie Maria Andrews.[2]  (Dkt. # 1 at 2.)  Hoppe was named as a defendant in this lawsuit pursuant to 26 U.S.C. § 7403(b) as a party who may claim an interest in the subject property because he is married to Quam and lives at the subject property.  (Id.)  The Government alleges that Quam has failed to pay her federal income taxes since 2006 despite being required to do so.  (Id. at 6.)  Through this lawsuit, the Government requests a judgment against Quam for $1,038,544.02 in income tax liabilities plus statutory additions and interest.  (Id. at 6–9.)  The Government further seeks to enforce a federal tax lien against the subject property, which includes two parcels of land in Fredericksburg, Texas that Quam and Hoppe purported to transfer to Thistle Creek Farm and Andrews.  (Id. at 5–6, 7–9.)

Proceeding pro se, on April 18, 2024, Hoppe filed a plea to the jurisdiction, which the undersigned construes as a motion to dismiss, asserting that this forum is an improper venue and challenging this Court's subject-matter jurisdiction to hear this case.  (Dkt. # 26.)  The Government filed a response to Hoppe's motion to dismiss (Dkt. # 27), and Hoppe filed multiple replies.  (Dkts. ## 28, 30.)

---

[2] Andrews was dismissed from the lawsuit by consent of the parties.  (Dkt. # 22.)

The case was referred to Judge Howell by the District Judge originally assigned to this action. (Dkt. # 7.) On September 27, 2024, Judge Howell made his Report on Hoppe's motion. (Dkt. # 31.) On October 23, 2024, Hoppe made a response/objection to the Magistrate Judge's Report (Dkt. # 32); on November 6, 2024, the Government made its response to Hoppe's objections (Dkt. # 33). The objections are addressed below.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is

clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

In his Report, Judge Howell made the following findings: (1) this Court has subject-matter jurisdiction over this lawsuit because it arises under federal tax law and the United States is the plaintiff; and (2) the Western District of Texas is the proper division for this suit because Hoppe and Quam live in this judicial district, the federal tax liabilities the Government seeks to enforce arose in this district, and the real property at issue is situated in this district. (Dkt. # 31.) For these reasons, Judge Howell recommended the Court deny Hoppe's motion.

Hoppe filed a response, which the Court will construe as objections to the Report. (Dkt. # 32.) As an initial matter, Hoppe states that Judge Howell "enumerates venue and jurisdiction, and although important, those are not the major issues." (Id. at 1.) Hoppe instead states that his wife, Quam, tendered to the Court on February 27, 2023, $1.2 million to discharge the debt in this case. (Id. at 2.) Hoppe states that because that payment has not been returned, he assumed the debt was discharged. (Id.)

There being no objections to the Magistrate Judge's conclusions regarding the Court's subject-matter jurisdiction and that the Western District of Texas is the proper division for this lawsuit, the Court finds no clear error in the

4

Magistrate Judge's reasoning. Regarding Hoppe's contention that the debt in this case has been discharged, there is no record entry in this case reflecting that the amounts owed have been paid. Should Hoppe or Quam choose to do so, they may make such a payment in the amounts alleged to be owed at any time. In any case, the Court will deny Hoppe's pending motion.

## CONCLUSION

Having reviewed the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 31) and **DENIES** Hoppe's filing construed as a motion to dismiss (Dkt. # 26).

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, November 22, 2024.

_____
David Alan Ezra
Senior United States District Judge