UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff* § § § | |
| **v.** § § | No. 1-23-CV-00043-DAE |
| **DARCY D QUAM, ERIC HOPPE, THISTLE CREEK FARMS,** *Defendants* § § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE DAVID A. EZRA
UNITED STATES SENIOR DISTRICT JUDGE

Before the Court are Defendant Darcy D. Quam's motion for discovery, Dkt. 38, Defendant Eric Hoppe's motion for discovery, Dkt. 39, Hoppe's motion to dismiss, Dkt. 42, and all related briefing. After reviewing these filings and the relevant case law, the undersigned denies the motions for discovery and recommends that the District Judge deny the motion to dismiss.

### I. MOTIONS FOR DISCOVERY

Defendants Quam and Hoppe filed nearly identical motions for discovery, asking the Court to order Plaintiff United States of America (the "Government") to produce, within 30 days, their requested discovery in the form of requests for production and interrogatories. Dkts. 39, at 4; 40, at 4. In its responses, the Government argues that there is no need for the relief Quam and Hoppe request because under the scheduling order governing this case, Defendants "may engage in

1

discovery until September 1, 2025," and neither has actually "serv[ed] the United States with document request[s] and interrogatories" outside the instant motions or in compliance with Federal Rule of Civil Procedure 26. Dkts. 40, at 2; 41, at 2. The Government also notes that Defendants did not confer with it before filing their motions for discovery in violation of the local rules. Dkts. 40, at 2-3; 41, at 2-3. Neither Quam nor Hoppe filed any reply in support of their respective motions.

Under Federal Rule of Civil Procedure 26(g), a party serving discovery requests must be signed "by the party personal, if unrepresented" and "must state the signer's address, e-mail address, and telephone number"; "other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed." Fed. R. Civ. P. 26(g)(1)-(2). Moreover, before moving the Court for an order directing a party to produce any discovery, the party seeking discovery must first serve the opposing party with a request for discovery. *See* Fed. R. Civ. P. 37(a)(3)(B). "Pro se litigants are not exempt from compliance with the rules of procedure." *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Here, Quam and Hoppe's motions are premature since they have not yet requested discovery from the Government. The Court will therefore deny Quam and Hoppe's motions for discovery.

## II.     MOTION TO DISMISS

Defendant Hoppe also filed a motion to dismiss, arguing that the Government's claim to enforce certain federal tax liens against him should be dismissed because it was not verified in compliance with Supplemental Rule C(2)(a) for Admiralty or

2

Maritime Claims and Asset Forfeiture Actions. Dkt. 42, at 1, 2-4. In response, the Government points out that the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions do not apply to its claim against Hoppe because the claim does not arise from admiralty or maritime law and does not form part of a forfeiture action or condemnation proceeding. Dkt. 43, at 2. While Hoppe is correct that "[i]n an action in rem the complaint must … be verified," here the Government has not brought such an action. Rather, the Government's claim against Hoppe seeks to enforce a federal tax lien against real property under Section 7403 of the Internal Revenue Code; this is not an in rem civil forfeiture case. Dkt. 1, at 7-9; Fed. R. Civ. P., Supp. Adm. R. C(2)(a). The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions thus do not apply to this case. Accordingly, the undersigned will recommend that the District Judge deny Hoppe's motion to dismiss.

### III. ORDER AND RECOMMENDATION

In accordance with the foregoing discussion, the motions for discovery, Dkts. 38; 39, are **DENIED**. In addition, the undersigned **RECOMMENDS** that the District Judge **DENY** Defendant Eric Hoppe's motion to dismiss, Dkt. 42.

### IV. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

3

findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 21, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE