IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-43-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DARCY D. QUAM, ERIC HOPPE, | § | |
| THISTLE CREEK FARMS, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE; (2) DENYING MOTION TO DISMISS; AND
(3) GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is a Report and Recommendation (the "Report")

(Dkt. # 62) submitted by United States Magistrate Judge Dustin Howell.  The

Court finds this matter suitable for disposition without a hearing.  After reviewing

the Report, the Court **ADOPTS** Judge Howell's recommendation, and **GRANTS**

Plaintiff United States of America's Motion for Summary Judgment (Dkt. # 52)

and **DENIES** Defendant Darcy D. Quam's ("Quam") Motion to Dismiss (Dkt.

# 53).

BACKGROUND

The Court will recite the background facts of this matter as stated by Judge Howell in his Report.[1]  The government initiated this lawsuit to enforce federal tax liens against Quam, Eric Hoppe ("Hoppe"), and Thistle Creek Farms ("Thistle Creek") (collectively, "Defendants") based on Quam's failure to pay federal income taxes.  (Dkt. # 1 at 2.)  The Government alleges that Quam has failed to pay her federal income taxes since 2006 despite being required to do so.[2]  (Id. at 6.)  Hoppe was named as a defendant in this lawsuit under 26 U.S.C. § 7403(b) as a party who may claim an interest in the subject property because he is married to Quam and lives at the subject property.  (Id.)

Through this lawsuit, the government requests a judgment against Quam for $1,038,544.02 in income tax liabilities plus statutory additions and interest.  (Id. at 6–9.)  The Government further seeks to enforce federal tax liens against the subject property, which includes two parcels of land in Fredericksburg, Texas that Quam and Hoppe purported to transfer to Thistle Creek.  (Id. at 5–6, 7–9.)  Defendants filed two motions to dismiss the government's claims, both of which were denied.  (Dkts. ## 31; 34; 42; 55.)  Quam filed a third motion to

---

[1] To the extent any objections are made to Judge Howell's recitation of the facts, the Court will note it in the objections discussed below.

[2] Despite this, the Government now only seeks to enforce Quam's tax liabilities for the year 2010.  (Dkts. ## 44, 52 at 1.)

dismiss, raising arguments previously rejected by the Court and arguing that she is not subject to federal law as a sovereign citizen. (Dkt. # 53.) The Government moved for summary judgment on its claims against Defendants. (Dkt. 52.) The pending motions were referred to Judge Howell for report and recommendation. On December 15, 2025, Judge Howell entered his Report on the pending motions. (Dkt. # 62.) On January 5, 2026, Quam filed her objections to the Report. (Dkt. # 67.) On January 23, 2026, the Government responded to the objections. (Dkt. # 68.) The objections are addressed below.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

3

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

In his Report, Judge Howell made the following findings: (1) Quam's motion to dismiss should be denied because Quam cites no rule or law that the complaint must be verified and her arguments that she is a sovereign citizen are without merit; (2) the Government provided sufficient evidence that it is entitled to summary judgment because it established Quam's tax liabilities for the year 2010 and Quam failed to rebut that evidence; (3) the Government provided sufficient evidence that Quam's federal tax liens should be enforced against Quam's property and Quam failed to rebut that evidence; and thus (4) summary judgment should be granted for the Government and judgment entered in its favor.  (Dkt. # 62.)

Quam filed objections to the Report, arguing that she provided sufficient evidence to create a fact issue regarding her tax liability for the year 2010, and that the Magistrate Judge erred in rejecting her sovereign citizen argument.  (Dkt. # 67.)  She also contends there are factual disputes as to her property ownership and lien validity.  (Id.)  The United States has filed a response to her objections.  (Dkt. # 68.)

4

A.     <u>Tax Liability</u>

Quam argues that the Magistrate Judge erred in finding there was no factual dispute regarding her 2010 income tax liability.  (Dkt. # 67 at 3.) Specifically, she contends that he erred in concluding her supplemental affidavit and Social Security Administration ("SSA") earnings record were insufficient to rebut the presumption of validity of the IRS Form 4340.  (<u>Id.</u>)

The Court has taken a de novo review of the evidence in this case and finds the Magistrate Judge did not err in finding that the Government established Quam's tax liabilities for the year 2010.  Quam's SSA earnings record supports that Quam filed no 2010 income tax return and that she failed to report her income for that year.  Likewise, the Court also finds that Quam's affidavit is conclusory and self-serving and is not competent summary judgment evidence.  Thus, the Magistrate Judge was correct in his consideration of this evidence and Quam's objection will be overruled.

B.     <u>Sovereign Citizen Argument</u>

Quam's next objection repeats her arguments presented to the Magistrate Judge that she is a not a "person" subject to federal taxation under the Internal Revenue Code ("IRC").  (Dkt. # 67 at 6.)  Upon de novo review, the Court finds no merit to this argument.  The Fourteenth Amendment to the United States Constitution controls the definition of citizenship, establishing simultaneous state

and federal citizenship.  Additionally, the Fifth Circuit has rejected this argument on many occasions.  See, e.g., United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1991).  Likewise, there is no basis in law for Quam's argument that she can refuse to pay taxes on religious bases.  See United States v. Lee, 455 U.S. 252, 260 (1982).  The Court also finds Quam's repetitive argument regarding "lack of verification in the Complaint" without merit, as the Court has already rejected this same argument in prior orders in this case.  (Dkt. # 55.)  Thus, Quam's objections are without merit.

    C.    Property Ownership and Lien Validity

Quam also objects to the Magistrate Judge's conclusion that there is no genuine dispute of fact as to the validity of the liens on her property or her ownership of any property.  (Dkt. # 67 at 7.)  She argues that the Report ignores that Thistle Creek is a separate entity.  (Id.)

Upon de novo review, the Court finds no error in Judge Howell's finding that the Government is entitled to summary judgment on its claims to enforce its valid liens against Quam's property.  First, she has not pointed to any evidence in her objections to support her argument regarding Thistle Creek.  Second, she does not make any clear argument as to how she could overcome summary judgment if Thistle Creek is only a nominal owner of the property for Quam, who is the true owner.  Additionally, the evidence indicates that Quam

admitted she is the true owner of the property several times in the record of this case.  (See Dkt. # 56.)  Accordingly, this objection will be overruled.

CONCLUSION

Having reviewed the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein.  Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 62) and **GRANTS** the Government's Motion for Summary Judgment (Dkt. # 52) and **DENIES** Quam's Motion to Dismiss (Dkt. # 53).  The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** in favor of the United States and **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, February 19, 2026.

_____

David Alan Ezra
Senior United States District Judge